Filed 10/10/24  P. v. Cervantes CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CERVANTES,<br><br>　　Defendant and Appellant. | B333342<br><br>(Los Angeles County<br>Super. Ct. No. GA106827) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Affirmed.

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

# INTRODUCTION

Daniel Cervantes appeals from his conviction for the first degree murder of Julio Robles-Castaneda. We appointed counsel to represent Cervantes in this appeal. Cervantes's counsel reviewed the record and did not identify any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) Nor, after reviewing the record independently, have we. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Robles-Castaneda had been in an intermittent relationship with Zulema Burgueno-Ramirez, beginning when Robles-Castaneda was 18 years old and Burgueno-Ramirez was 13 years old.[1] In October 2018 they had a son. They were together at the time of Robles-Castaneda's death.

Cervantes met Burgueno-Ramirez in 2017, and they began a sexual relationship in August 2019. Cervantes and Robles-Castaneda would both spend several nights a week with Burgueno-Ramirez, who lived with her mother, but generally on different nights. Cervantes had animosity toward Robles-Castaneda because of his sexual relationship with Burgueno-Ramirez. He would on occasion tell Burgueno-Ramirez that he wanted to "whack" Robles-Castaneda and ask her if he could.

A month before the murder, Cervantes told Burgueno-Ramirez's neighbor, Julio Cesar Solis Valencia, that he wanted to kill Robles-Castaneda, and he showed Valencia a gun he had in

---

[1]     Burgueno-Ramirez testified at trial after receiving immunity from prosecution.

his waistband. On five or six prior occasions, Cervantes told Valencia that he wanted to hurt Robles-Castaneda because he did not like the way Robles-Castaneda treated Burgueno-Ramirez. Valencia heard Burgueno-Ramirez say several times she wanted Robles-Castaneda killed.

At a party at Burgueno-Ramirez's house, also about a month before the murder, Robles-Castaneda found Burgueno-Ramirez in bed with another man, Emilio Meraz, the father of Burgueno-Ramirez's other child. Robles-Castaneda and Meraz got into a fist fight. Burgueno-Ramirez shouted, "Julio is going to pay for this. I'm going to kill him."

Two days before the murder, Cervantes and Robles-Castaneda spoke in front of Burgueno-Ramirez's house. Burgueno-Ramirez warned Robles-Castaneda that Cervantes wanted to kill him.

On the evening of November 5, 2019 Cervantes and Robles-Castaneda were both at Burgueno-Ramirez's house. Burgueno-Ramirez had been sleeping, and Cervantes woke her up. He was with his uncle, Steven Zarate, whom she had never met. Cervantes told Burgueno-Ramirez that he was going to hurt Robles-Castaneda. Burgueno-Ramirez saw Cervantes and Robles-Castaneda discussing something, which she thought was odd because they usually did not speak to each other. Burgueno-Ramirez dozed off for five minutes, and when she woke up Cervantes and Robles-Castaneda were gone.

Surveillance video from a strip mall in Pasadena showed that at 11:21 p.m. a black SUV entered a parking lot, followed by a silver or tan minivan. Cervantes got out of the SUV, and Zarate got out of the minivan.[2] They walked to a convenience

---

[2]     The police looked for Zarate, but could not find him.

3

store. Approximately four minutes later, Burgueno-Ramirez and Ashley Ramirez walked into the store. Inside the store, Cervantes spoke to the two women and appeared to introduce Zarate to them. At 11:28 p.m. Cervantes, carrying an 18-pack of beer, left the store with Zarate.

Surveillance video showed that at 11:37 p.m. Cervantes, Zarate, and Robles-Castaneda walked to the parking lot. Cervantes got into the driver's seat of the SUV, Zarate got into the front passenger seat, and Robles-Castaneda got into the driver's side rear passenger seat. The SUV left the parking lot at 11:39 p.m.

At 1:00 a.m. on November 6, 2019 several women in a car on Angeles Crest Highway spotted Robles-Castaneda's body face down on the shoulder of the highway. Robles-Castaneda had two gunshot wounds on his left chest and abdomen, which the coroner determined were the cause of death. Police found shell casings from two different caliber guns, including a .40-caliber firearm, near Robles-Castaneda's body. Police also found an open bag of spicy corn chips and $70 in wadded-up bills in Robles-Castaneda's pocket.

Evidence collected from Cervantes's residence on Brigden Road in Pasadena included white tennis shoes soaked in bleach and a .40-caliber firearm magazine in a black trash bag. The tennis shoes matched the shoes Cervantes wore in the surveillance video on the evening of the murder. Police recovered from a black SUV on Cervantes's property two cellphones belonging to Cervantes, an unopened can of the same brand of beer Cervantes had carried out of the liquor store, and a bottle of sangria. Gunshot primer residue, the material produced when a firearm is discharged, was detected inside the black SUV on the

4

gear shift, center console, right front door handle, and right front door panel.  Inside the residence, there was mail addressed to Zarate at the Brigden Road address.

On one of Cervantes's phones the police found a photograph, taken in July 2019, of a .40-caliber semiautomatic firearm.  The police also found on Burgueno-Ramirez's phone a photograph, taken in September 2019, of the same gun.  Both photographs had been deleted, but were recovered through cellphone metadata extraction.  Cervantes's social media account also had a photograph of a handgun.  Burgueno-Ramirez saw Cervantes with a gun at least once, and a couple of months before the murder, she shot Cervantes's gun in the air.

Location data from Cervantes's phone placed the phone at the convenience store at the same time the surveillance video placed Cervantes at the store.  From there, the phone traveled to Duarte, then to Brigden Road from approximately 12:05 a.m. to 12:13 a.m. on November 6, 2019, and then traveled westbound on the 210 freeway, and eventually exited at Angeles Crest Highway.  At 12:28 a.m., the phone was near Angeles Crest Highway before going up the mountain.  At 1:33 a.m., a two-minute and 46-second phone call was made from a phone that was off the 210 freeway.  At 2:10 a.m., the phone was in Duarte, and by 3:08 a.m., it was at Brigden Road.

The People charged Cervantes with the first degree murder of Robles-Castaneda (Pen. Code, § 187, subd. (a))[3] and alleged Cervantes personally used a firearm in committing the offense (§ 12022.5, subd. (a)).  The People further alleged Cervantes had

---

[3]     Statutory references are to the Penal Code.

a serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j); 1170.12, subds. (a)-(d)).

The jury found Cervantes guilty of willful, deliberate, and premeditated murder and found true the allegation Cervantes personally used a firearm in the commission of the offense. The trial court found true the allegation Cervantes had a prior serious or violent felony conviction and denied Cervantes's motion under section 1385 to strike it.

The trial court sentenced Cervantes to an aggregate prison term of 54 years to life, consisting of 25 years to life for first degree murder, doubled under the three strikes law, plus four years for the personal firearm use enhancement. Cervantes stipulated to pay victim restitution in the amount of $7,500 (§ 1202.4, subd. (f)). The court suspended all other fees and fines. Cervantes timely appealed.

## DISCUSSION

After reviewing the record, counsel for Cervantes filed an opening brief raising no issues. On April 29, 2024 counsel informed Cervantes that she would be filing a brief stating she was unable to find any arguable issues and that Cervantes had a right to file a supplemental brief. Counsel also sent Cervantes a copy of the brief, as well as the transcripts of the record on appeal. On May 1, 2024 we also notified Cervantes that he could submit a supplemental brief within 30 days stating any grounds for appeal, contentions, or arguments he wanted us to consider. We have not received a response.

We have examined the record and are satisfied that appellate counsel for Cervantes has complied with her

responsibilities and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra,* 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.